UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Christopher Shill, Emily Shill, Individually, and as Next of Kin to minor, B.S., and as Next of Kin to minor, O.S., <br><br> Plaintiffs, <br><br> v. <br><br> Coastal Association Management, Inc., Sea Cabin on the Ocean IV Homeowners Association, Inc., and JOHN DOE I-X, <br><br> Defendants. | CASE NO._____ <br><br><br> **COMPLAINT** <br><br><br><br><br><br><br><br> **<u>JURY TRIAL DEMANDED</u>** |

COME NOW PLAINTIFFS Christopher Shill, Emily Shill, individually and as Next of Kin to minors, B.S. and O.S. (hereinafter referred to as "Plaintiffs" and or "Shills"), and by and through the undersigned counsel and files this Complaint for Damages against Defendants, Coastal Association Management, Inc. (hereinafter referred to as "Coastal"), Sea Cabin on the Ocean IV Homeowners Association, Inc. (hereinafter referred to as "HOA"), and John Doe I-X (hereinafter referred to as "JD") state as follows:

### THE PARTIES

1. Plaintiffs are individuals, consisting of two adults and two minors under the age of 5. The Plaintiffs were all residents of Wake County, North Carolina at the time of the structural collapse and subsequent falls (from a height) of all four of the Plaintiffs that occurred at the Sea Cabins on the Ocean in Horry County, State of South Carolina on or about August 4, 2023.

2. Defendant Coastal is a for profit corporation organized and existing pursuant to the laws of the State of South Carolina with its principal place of business in South Carolina. Coastal

can be found for service by and through their registered agent Bonnie Causey at 1016 2nd Avenue N. Ste. 101, North Myrtle Beach, South Carolina, 29582. Coastal is generally in the business of vacation rental property management and related services.

3. Defendant HOA is a not for profit business organized and existing pursuant to the laws of the State of South Carolina with its principal place of business in South Carolina. Defendant HOA can be found for service by and through their registered agent Defendant Coastal Association Management, 1016 2nd Ave North, Ste. 101., North Myrtle Beach, South Carolina 29582. Defendant HOA is an organization contemplated and organized.

4. Defendants John Doe I-X (hereinafter "JD") are individuals or entities in which the specific identity is currently unknown to the Plaintiffs even after reasonable due diligence. It is anticipated that the identities are likely known or were known to the Defendants at the time of the incident. It is anticipated JD consist of individuals and/or businesses that are associated with the identified Defendants in one or more of the following manners:

    a. Individuals, Entities, and/or Agents that are members of the HOA, whether owners or not, that assumed a duty to report, repair, maintain, or prevent usage of the defective and dangerous stairwell in question while being on actual or constructive notice of the defects;

    b. Individuals, Entities, and/or Agents of the identified Defendants that by employment, contract, or some other duty failed to maintain, inspect, repair, and warn about the defective and dangerous stairwell in question while being on actual or constructive notice of the defects;

    c. Individuals, Entities, and/or Agents of the identified Defendants that made repairs, inspections, or modifications in a manner as to allow the dangerous condition to remain;

    d. Homeowners, agents of homeowners, and or Entities that after being made aware of general overall lack of maintenance, repairs, inspections, and/or defective modifications in a manner as to allow the dangerous condition to remain at the premises that is known to be rented to the general public that would clearly not have been warned; and

    e. Individuals, Entities, and/or Agents that are in direct relationship with the

Property Management Company that assumed as duty to report, repair, maintain, or prevent usage of the defective and dangerous stairwell in question while being on actual or constructive notice of the defects.

## JURISDICTION AND VENUE

5. The amount in controversy exceeds Seventy-Five Thousand and No/100 Dollars ($75,000.00), exclusive of interests and costs, and there is complete diversity of citizenship; therefore, this Court has jurisdiction to hear this matter under 28 U.S.C. § 1332(a)(2).

6. Venue is proper in this District and in the Florence Division pursuant to 28 U.S.C. § 1391(b)(2) and Local Rule 3.01(A)(1) because a substantial part of the transaction or occurrences underlying this Complaint occurred within the Florence Division of this District.

7. Subject matter and personal jurisdiction are vested in this Court pursuant to 28 U.S.C. 1332, as the Parties have complete diversity. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c), as the incident that gave rise to the claims alleged in this Complaint occurred in Horry County, South Carolina, within this District.

## FACTS APPLICABLE TO ALL CLAIMS

8. Plaintiffs hereby incorporate the allegations contained in paragraphs 1 through 7 of the Complaint as if fully set forth herein.

9. On or about August 4, 2023, at around 10:13 pm, the adult Plaintiffs were carrying the minor Plaintiffs (their minor children) up the staircase at Sea Cabin Condos when the staircase collapsed without warning underneath them.

10. The collapse directly caused all Plaintiffs to fall from a height. The landing caused multiple injuries to areas of each Plaintiffs' body when striking the collapsed stairway portion and/or landing areas.

11. All Plaintiffs were injured secondary to the fall. All Plaintiffs received emergency medical treatment.

12. The stairwell was inspected that evening and found to be in a substantially unsafe condition for the safety and well-being of the public, including but not limited to the Plaintiffs, who were on the premises as business invitees.

## FIRST CAUSE OF ACTION
## NEGLIGENCE AND GROSS NEGLIGENCE OF DEFENDANTS

13. Plaintiffs restate and reallege each and every prior allegation incorporated herein as is set forth above verbatim and in paragraphs 1 through 12 of the Complaint.

14. Plaintiffs would show that at all times material to the Complaint, Defendants had a duty to warn, to correct the dangerous condition, and/or prevent the usage of the stairwell that was in a dangerous condition for individuals similarly situated to the Plaintiffs. In the face of these duties, the Defendants failed to take any reasonable actions to prevent the foreseeable injuries to the Plaintiffs and other similarly situated members of the public.

15. Notwithstanding all of the above, at all material times, the Defendants failed to exercise the slightest care and was negligent and grossly negligent in the following manners:

    a. In inspecting the premises;

    b. In failing to warn the Plaintiffs of the dangerous condition;

    c. In failing maintain the premises in a reasonable and prudent manner;

    d. In failing to keep repair or repairing the stairwell in a manner that contributed to the dangerous condition;

    e. In failing to prevent their actions from causing economic injury to third parties including but not limited to the adult Plaintiffs on behalf of the minor Plaintiffs (their minor children);

    f. In creating the dangerous condition through their direct actions or failure to control the actions of others in their employment or control;

g.  In failing to properly monitor, detect and stop the concealment of the dangerous condition;

h.  In allowing the Plaintiffs to be harmed as a result of their actions;

i.  In failing to protect the Public from health and safety conditions on the property, including but not limited to, code violations;

j.  In negligent hiring and retention of direct employees, and or contractors to correct the dangerous condition on the property;

k.  In failing to manage the property in a manner that would have prevented the collapse;

l.  In failing to demand or cause to be collected adequate funds to keep the property in safe condition for Plaintiffs and similarly situated Public visitors;

m.  In failing to create and/or enforce appropriate policies and procedures as to prevent the collapse of the stairway; and

n.  In other acts and/or omissions that may not be known to the Plaintiffs without the benefit of discovery, as well as those acts and/or omissions which conform to the discovery and evidence in this case.

16. Each omission and commission were a proximate cause to the injuries to the Plaintiffs.

17. Pleading further, Plaintiffs would show that each and all of the foregoing acts/omissions of negligence amounted to more than mere momentary thoughtlessness or inadvertence, but that the same were the result of reckless and/or consciously indifferent conduct so as to amount to gross negligence under South Carolina law.

## SECOND CAUSE OF ACTION
## VICARIOUS LIABILTY OF DEFENDANTS

18. Plaintiffs restate and reallege each and every prior allegation incorporated herein as is set forth above verbatim and in paragraphs 1 through 17 of the Complaint.

19. Plaintiffs would further show that the employee staff, borrowed servants, and/or

agents of the Defendants were involved in the allegations that are the subject of this Complaint injuring all Plaintiffs through their negligent and grossly negligent acts.

20.  Such actions and failure(s) in the exercise of ordinary care also amounted to negligence and gross negligence due to ministerial and/or operational error(s). Further, all such negligence was a proximate cause of Plaintiffs' injuries, for which Plaintiffs seek damages as later set out herein.

### THIRD CAUSE OF ACTION: JOINT LIABILITY OF DEFENDANTS AS RELATIONSHIP CONSTITUDED A JOINT VENTURE PARTNERSHIP

21.  Plaintiffs restate and reallege each and every prior allegation incorporated herein as is set forth above verbatim and in paragraphs 1 through 20 of the Complaint.

22.  At all times material to this matter, Defendants were actively involved in a joint venture to maximize profits from the rental market for the premises. The Defendants had a community of interest in the operation of the real property in a manner that contributed to the collapse that forms the basis of this Complaint. The Defendants maintained the right to direct and govern the policies and or directly govern the conduct related to the premises. The Defendants maintained joint control and management of the assets used in the enterprise. The Defendants, by and through the joint venture, shared a pecuniary interest associated with the venture.

23.  The joint venture partners Defendants are jointly liable for the actions of the individuals that contributed to the collapse under the doctrine of vicarious liability.

24.  In the alternative, given the nature of the Defendants' enterprise and nature of the transaction that lead to the collapse on August 4, 2023, the Defendants are jointly liable for actions as a borrowed servant and or statutory employees related to the individuals used in maintenance, construction, warning, and inspection.

## DAMAGES

25. As set forth herein, one or more of the above acts or omissions of negligence on the part of the named Defendants was a proximate cause of damages to the Plaintiffs. As a direct and proximate cause of the negligence, negligence per se, gross negligence, intentional acts, carelessness, recklessness, willfulness, and wantonness of the Defendants, as is set forth more fully above, the Plaintiffs suffered great harm.

26. As a direct and proximate result of the Defendants' conduct, as aforesaid, the Plaintiffs suffered, by reason of the negligence/gross negligence, conscious and deliberate indifference of the named Defendants herein, profound, and incurable damage causing them to suffer pain and injuries.

## PRAYER

27. Plaintiffs bring this action to recover all applicable general damages for their pain and suffering, loss of enjoyment of life, disfigurement, physical and mental limitations, permanent injuries, medical expenses (past and future), economic loss to a minor child, loss of consortium and punitive damages.

28. WHEREFORE, PLAINTIFFS request that this Court enter judgment in their favor and against DEFENDANTS, and grant the following relief:

    a. Above referenced damages in an amount to be determined at trial, but not less than $75,000, plus interest and costs;

    b. Pre-judgment and post-judgment interest at the maximum allowable rate;

    c. Attorney's fees and costs as provided by law; and

    d. For such other and further relief as the Court shall deem just and appropriate given the applicable law and facts of the case.

**PLAINTIFFS DEMAND A JURY TRIAL ON ALL ISSUES.**

Date: <u>December 7, 2023</u>     **ALLEN LEGAL**

By:  /s Samuel K. Allen
SC Bar 68552
Federal ID No. 7744
1417 Ashley Road
Charleston, South Carolina  29407
Ofc:  843-481-4000
sam@allenlegal.net
joann@allenlegal.net

**ATTORNEYS FOR THE PLAINTIFFS**